UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| JANETTA MARIE HARRELL, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:17-cv-00278 |
| CREDIT ONE BANK, N.A., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes JANETTA MARIE HARRELL ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CREDIT ONE BANK, N.A. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Wisconsin Consumer Act ("WCA") under Wis. Stat. §427 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Wisconsin and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

**PARTIES**

4. Plaintiff is a 47 year old person residing at 3351 North 23rd Street, Milwaukee, Wisconsin, which lies within the Eastern District of Wisconsin.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Plaintiff is a "customer" as defined by §421.301(17) of the WCA.

7. Defendant is a national banking institution that issues credit cards and is organized under the laws of the United States. With its headquarters located in Las Vegas, Nevada, Defendant is a foreign company that conducts business with consumers in Wisconsin.

8. Defendant is a "debt collector" and "creditor" as defined by §427.103(3) and §421.301(16) of the WCA, respectively, because it regularly engages in consumer credit transactions uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

9. Defendant is a "person" as defined by 47 U.S.C. §153(39).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

11. In the Fall of 2016, Plaintiff began receiving phone calls from Defendant to her cellular phone, (414) XXX-0361. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 0361. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant has used a variety of phone numbers when calling Plaintiff's cellular phone, including but not limited to: (863) 784-3263, (505) 663-7040, (407) 358-6498, (210) 892-2188, and (630) 475-5781. *See* Exhibit A.

14. Upon information and belief, the aforementioned phone numbers are all utilized by Defendant during its debt collection activity.

15. Upon answering calls from Defendant, Plaintiff experiences a noticeable pause, lasting approximately four to five seconds in length, before a live person begins to speak. *Id.*

16. Upon speaking with Defendant, Plaintiff was informed that it was seeking to collect upon an outstanding payment for a credit card that she had allegedly enrolled through it. *Id.*

17. Plaintiff notified Defendant's representative that she never received the credit card that it was allegedly calling for, and demanded that her phone number be removed from its call list and that it stop contacting her. *Id.*

18. Plaintiff has told Defendant to stop calling her on multiple occasions. *Id.*

19. Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being told that she does not wish to be contacted. *Id.*

20. For instance, on November 1, 2016, Defendant called Plaintiff's cellular phone not less than 10 times using at least two different phone numbers. *Id.*

21. During one conversation with Defendant, Plaintiff notified it that she was experiencing hardships, as her son was in the hospital recovering from a serious car accident, and its representative told her an expletive and hung up the phone, only to call her back right after. *Id.*

3

22. Despite her multiple demands to cease calling, Defendant has continued to regularly call Plaintiff's cellular phone up until the end of 2016. *Id.*

23. Plaintiff has received not less than 40 calls from Defendant since asking it to stop calling. *Id.*

24. Defendant's phone calls have caused Plaintiff a great deal of stress in her life, especially during the time when her son was recovering from a serious car accident. *Id.*

25. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

26. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $61.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss. *Id.*

27. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

28. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to

store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

31. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting approximately four to five seconds in length, before Plaintiff was connected with one of Defendant's live representatives is instructive that an ATDS was being utilized to generate the phone calls. Similarly, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

32. Defendant violated the TCPA by placing at least 40 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given to be contacted by Defendant using an ATDS was explicitly revoked upon her demands to cease contact.

33. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

34. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant received multiple prompts to cease calling, but it defied those demands and continued to harass Plaintiff.

WHEREFORE, Plaintiff, JANETTA MARIE HARRELL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

5

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE WISCONSIN CONSUMER ACT

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. The WCA states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." Wis. Stat. §427.104(1)(h)

37. Defendant violated §427.104(1)(h) by engaging in harassing conduct in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS after she notified it to stop calling her. Defendant ignored Plaintiff's demands and continued to systematically place calls to her cellular phone without her consent. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in harassing behavior, willfully done with the hope that Plaintiff would be compelled to make payment.

38. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day, even after being told to cease calling. Defendant called Plaintiff at least ten times in one day using different phone numbers. Placing several calls in a short amount of time is extremely harassing behavior, especially after being told by Plaintiff that she does not wish to be contacted.

39. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

40. The WCA further states that "in attempting to collect an alleged debt arising from a consumer credit transaction…a debt collector may not:"

6

> "Use obscene or threatening language in communicating with the customer or a person related to the customer." Wis. Stat. §427.104(1)(i)

> "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist." Wis. Stat. §427.104(1)(j)

41. Defendant violated §427.104(1)(i) when it told her an expletive and hung up the phone. Plaintiff had notified Defendant that she was going through hardships, as her son was in the hospital recovering from a serious car accident, and instead of attempting to work out a solution, its representative shouted a harmful expletive towards her and hung up the phone, only to call her back right after. This behavior is threatening and harassing, as Plaintiff was already going through an emotional life event.

42. Defendant violated §427.104(1)(j) by continuing to place calls to Plaintiff's cellular phone after she told it to stop calling. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

43. As pled in paragraphs 23 through 28, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices, including costs associated with purchasing and maintaining a blocking application subscription. As such, Plaintiff is entitled to relief pursuant to §427.105.

44. Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts. Plaintiff demanded that Defendant stop contacting her, but yet, she was still bombarded with collection phone calls from Defendant. In an unfair and deceptive manner, Defendant called Plaintiff at least 40 times using different phone numbers, and even called ten times in a single day. This onslaught of phone calls was an attempt by Defendant to harass Plaintiff into submission. After Plaintiff told it to stop

calling, Defendant had more than enough information to know that it should not continue calling her phone number. Defendant falsely and deceptively represented that it had the legal ability to contact Plaintiff seeking collection of debt when it did not. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, JANETTA MARIE HARRELL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to §427.105, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees pursuant to §425.308(1)-(2);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 27, 2017

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Admitted in the Eastern District of Wisconsin
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com